WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Espinoza, Sr.,<br><br>                Plaintiff,<br><br>v.<br><br>Creative Business Resources; Lumbermens Underwriting Alliance Claims Service; Industrial Commission of Arizona; Bradley R. Jardine; K Carsey Kerth; Scott H. Hudson; Kendall D. Steele; Douglas H. Fitch; John E. Drazkowki; Michael Warzynski; Neil C. Alden; Curtis M. Bergen; Gerald T. Hickman; Joseph L. Moore; Concentra Medical Center; Carmen Haulsen; S. Rutherford; Jenni Jacobs; Rosie Johnson; Niomi Baraza; Kim Varmer; Michael T. Tope; Sky Parker,<br><br>                Defendants. | No. CV-13-01675-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**I.    Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

    **A.  Legal Standards**

        **1.  28 U.S.C. § 1915(e)(2)**

      Congress provided with respect to in forma pauperis cases that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies).

**II.  The Complaint**

The Complaint names numerous parties. The Court has carefully read Plaintiff's Complaint. Nevertheless, the Court cannot discern that the Complaint either alleges facts sufficient to give rise to a specific claim or otherwise identifies a claim over which this Court has jurisdiction over any of the named Defendants. Plaintiff's claims do not successfully state a claim as to any of the Defendants. The Court thus dismisses Plaintiff's claims with leave to amend.

**III.  Leave to Amend**

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In the amended complaint, Plaintiff must state what rights he believes were violated. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. The amended complaint must also state why the

1  federal court has jurisdiction over Plaintiff's claims.  Any amended complaint filed by
2  Plaintiff must conform to the requirements of Rule 8(a)( and (d)(1) of the Federal Rules
3  of Civil Procedure.

4  Plaintiff is advised that if he elects to file an amended complaint and if he fails to
5  comply with the Court's instructions explained in this Order, the action will be dismissed
6  pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil
7  Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of
8  amended complaint that did not comply with Rule 8(a); *Nevijel v.  North Coast Life Ins.*
9  *Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend
10 second complaint that was "so verbose, confused and redundant that its true substance, if
11 any [was] well disguised").

12 **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in
13 District Court without Prepaying Fees or Costs (Doc. 2) is granted.

14 **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's
15 Complaint is dismissed for failure to comply with Rule 8, with leave to file an amended
16 complaint **within thirty (30) days** of the date of this Order.

17 **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended
18 complaint **within thirty (30) days** of the date of this Order, the Clerk of Court shall
19 dismiss without prejudice and terminate this action without further Order of the Court.

20 **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended
21 complaint, the summons and amended complaint may not be served until and unless the
22 Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

23 Dated this 5th day of September, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge